IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,636-01




EX PARTE GARY DWAYNE CARRICO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 19,919 IN THE 75TH DISTRICT COURT
FROM LIBERTY COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to twenty-five years’ imprisonment. 
            Applicant contends that he is being illegally incarcerated in the Polunsky Unit of the Texas
Department of Criminal Justice because his parole for this offense was never revoked. Applicant
has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.
            The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice’s Office of the General Counsel to file
an affidavit listing Applicant’s sentence begin date and the dates of issuance of any parole-revocation
warrants. The affidavit should state for what offense(s) Applicant is currently incarcerated, whether
he has been on parole for those offenses and if so, when his parole was revoked. 
            The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings regarding under which sentence(s) Applicant is currently
incarcerated. The trial court shall also make findings on whether Applicant was ever on parole for
this offense and if so, if it was ever revoked. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: September 23, 2009
Do not publish